John P. Sitarik, Jr., et al., Appellants *v.* Civil Service Commission, City of Pittsburgh et al., Appellees.

Argued March 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Bryan Campbell, Mansmann, Beggy & Campbell,* for appellants.

*Bernard M. Schneider,* Assistant City Solicitor, with him *D. R. Pellegrini,* City Solicitor, for appellees.

OPINION BY JUDGE BARBIERI, July 29, 1983:

Five City of Pittsburgh police officers, John P. Sitarik, Jr., Regis R. Ricketts, Gary A. Minor, Richard D. Palmieri, and Thomas M. Koral (Appellants), appeal here from an order of the Court of Common Pleas of Allegheny County dismissing their "Petition for Writ of Certiorari to Common Pleas Court of Allegheny County." We affirm.

The facts in this case are not in dispute. In December of 1977 the Civil Service Commission of the City of Pittsburgh (Commission) administered a competitive written examination, which each of the appellants here took, to establish lists of those police officers eligible for promotion to the rank of sergeant and lieutenant. Appellants scored well enough on this test so that each would have received a promotion if subsequent vacancies in the competitive class had been filled strictly on the basis of test results. Under the provisions of Section 6 of the Act of August 10, 1951 (Act), P.L. 1189, *as amended,* 56 P.S. §23535, however, the Superintendent of Police is directed to select an officer for promotion from the top four names on the Commission's eligibility list at the time of promotion based "upon the superior qualifications of the person to be promoted as shown by his previous service and experience[,]" and in the

exercise of this statutorily authorized discretion the Superintendent of Police "passed over" the names of each of the appellants here in selecting various officers to be promoted to the rank of sergeant and lieutenant. Upon learning of the Superintendent's action, Appellants requested a hearing before the Commission alleging that " [i]f we were passed arbitrarily then we contend we were denied due process of law and the applicable law is unconstitutional." This request was denied, however, and in response, Appellants filed their Petition for Writ of Certiorari to Common Pleas Court of Allegheny County against the City, the Commission and Superintendent Coll, a form of action which is not presently recognized in the rules of civil procedure.[1] In this petition Appellants alleged (1) that "no objective system has been adopted or implemented for merit selection as required by the Police Civil Service Act, 53 P.S. §23535" and (2) that "the selection method used . . . violates the mandates of the Police Civil Service Act, it constitutes a denial of due process under the United States and Pennsylvania Constitutions and it manifests a gross abuse of discretion[,]" and in their prayer for relief requested "a determination that they were denied their right to a promotion or in the alternative an order to the civil service commission to conduct a hearing to determine if Plaintiffs were afforded their rights under law." In their answer to this complaint, the respondents alleged, *inter alia,* (1) that Superintendent Coll based his decisions on the superior qualifications of the candidates selected for promotion and (2) that Appellants' cause of action was not filed in a timely manner if it constituted an appeal from a decision of a local agency. The parties

---

[1] *See* Pa. R.A.P. 1502-1504.

subsequently presented a stipulation of facts to the court of common pleas, and in addition a hearing on this matter was conducted on December 18, 1980, during which time additional evidence was submitted by Appellants. The court subsequently concluded (1) that the action before it was an appeal from a local agency determination which it chose to hear de novo,[2] and (2) that Appellants' appeal had to be dismissed since they failed to present any evidence indicating that Superintendent Coll had selected candidates for promotion in an arbitrary manner. The court failed, however, to address (1) any of the constitutional issues raised before it or (2) the question of the timeliness of the appeal. The present appeal followed.

Before this Court, Appellants initially allege that the court of common pleas erred by concluding that Superintendent Coll had selected candidates for promotion based upon the "superior qualifications of the person to be promoted as shown by his previous service and experience." We disagree.

In their brief to this Court, Appellants do not allege that there is any evidence of record indicating that Superintendent Coll selected candidates for promotion in an arbitrary or biased manner, and in fact, the record shows that Appellants stipulated below to the fact that Superintendent Coll based his promotion decisions upon what he felt to be the superior qualifications of the candidates involved. Instead, Appellants, as we understand their argument, initially allege that Superintendent Coll's selection was somehow invalid since no regulations have been promulgated to guide the Superintendent in his selection of

---

[2] As a result of our holding in this case, we need not address the question of whether the court of common pleas properly concluded that the action before it was a local agency appeal.

candidates for promotion. The simple and complete answer to this argument, however, is that no such regulations are required under the provisions of the Act. Instead, the Act itself specifies the guidelines for promotion by providing, as we noted above, that each such selection shall be based upon the superior qualifications of the individual involved *"as shown by his previous service and experience."* Therefore, we must reject Appellants' argument that Superintendent Coll's selections were invalid for lack of regulations pursuant to the provisions of Section 6 of the Act.

Appellants next allege that Section 6, if no regulations are required, is constitutionally infirm, since the standards governing promotions found in Section 6 of the Act are too vague and indefinite, and hence constitute an improper delegation of legislative power.

While we note that statutory standards no more definite than those found in Section 6 of the Act have been upheld by our Supreme Court, *see, e.g., William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) (court of common pleas authorized to declare an ordinance imposing a tax invalid if it "finds that the tax imposed is excessive or unreasonable"); *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors,* 418 Pa. 520, 211 A.2d 487 (1965) (school reorganization permitted only where the Council of Basic Education deems it "wise in the best interests of the education system of the Commonwealth"); *Fisher's Petition,* 344 Pa. 96, 23 A.2d 878 (1942) (Secretary of the Department of Labor and Industry authorized to set "minimum fair wages" for women and minors "reasonably commensurate with the value of the service or class of service rendered"), we need not address

the constitutional challenge raised here since Appellants failed to notify the Attorney General of Pennsylvania of their constitutional challenge to Section 6 of the Act either below, as required by Pa. R.C.P. No. 235(a),[3] or here, as required by Pa. R.A.P. 521(a).[4] Accordingly, we will affirm.[5]

ORDER

Now, July 29, 1983, the order of the Court of Common Pleas of Allegheny County at No. 143 of 1980 and dated December 15, 1981, is affirmed.

---

[3] Pa. R.C.P. No. 235(a) provides in pertinent part that [i]n any proceeding in a court subject to these rules in which an Act of Assembly is alleged to be unconstitutional and the Commonwealth is not a party, the party raising the question of constitutionality shall promptly give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the pleading or other portion of the record raising the issue and shall file proof of the giving of notice. . . .

[4] Pa. R.A.P. 521(a) provides that [i]t shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record . . . to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.

[5] While our Superior Court recently indicated in *James v. Southeastern Pennsylvania Transportation Authority*, Pa. Superior Ct. , 459 A.2d 338 (1983) that a failure to comply with Pa. R.C.P. No. 235(a) is excusable where (1) the trial court fails to address the constitutional issues raised, (2) the Attorney General is notified of the constitutional challenge on appeal and (3) the Commonwealth indicates that it does not wish to intervene, this case is clearly inapposite here since Appellants failed to give notice to the Attorney General at any stage of these proceedings.