512 A.2d 30

**Mary E. FETTERHOFF, Appellant,**

**v.**

**Mary S. FETTERHOFF and Inclinator Co. of America**

**v.**

**POLYCLINIC MEDICAL CENTER.**

Superior Court of Pennsylvania.

Submitted May 20, 1986.

Filed July 7, 1986.

Richard L. Kearns, Harrisburg, for appellant.

Thomas J. Williams, III, Carlisle, for Fetterhoff, appellee.

Steven D. Snyder, Harrisburg, for inclinator, appellee.

Charles W. Craven, Philadelphia, for Polyclinic, appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the August 4, 1985 Order entered by the Court of Common Pleas of Dauphin County granting

summary judgment in favor of defendant/appellee, Inclinator Company of America. Plaintiff/appellant filed suit against appellee after sustaining injuries when she fell into an elevator shaft at her family home on October 16, 1982. Appellant's case against appellee was premised on theories of negligence and strict liability. Appellee was the designer, manufacturer and installer of the elevator which was placed in the home during July of 1952.

Appellee filed a motion for summary judgment based upon 42 Pa.C.S.A. § 5536 which provides for a twelve-year statute of repose. The lower court denied the motion but subsequently granted appellee's petition for reconsideration. A hearing was held and appellee's motion for summary judgment was granted. This appeal followed.

Appellant now contends that a designer-manufacturer-installer, who maintains an improvement to real property and performs repair work thereon throughout the life of the improvement, does not fall within the scope of 42 Pa.C.S.A. § 5536(a). Appellant argues that since appellee was periodically called upon to maintain and repair the elevator, it cannot be afforded the protection of the statute of repose.

The statute in question, 42 Pa.C.S.A. § 5536(a), provides in pertinent part:

... a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision, or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

. . . . .

(3) Injury to the person or for wrongful death arising out of any ... deficiency [in the design, planning, supervision or observation of construction or construction of the improvement].

We first note it is an undisputed fact that construction of the elevator shaft in appellant's home was completed in 1952. The twelve-year period begins to run when the entire construction project is so far completed that it can be used

by the general public. *Catanzaro v. Wasco Products, Inc.,* 339 Pa.Super. 481, 489 A.2d 262 (1985). Appellant was injured and filed suit nearly thirty years after construction was completed. Likewise, there is no doubt that an elevator shaft is an improvement to real property. *Mitchell v. United Elevator Co.,* 290 Pa.Super. 476, 434 A.2d 1243 (1981). Appellant, however, argues that her cause of action is protected by section 5536(b)(2), which provides that the twelve-year limitation "shall not be asserted by way of defense by a person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death. . . ."

▮ Appellant maintains that since appellee periodically made repairs to the elevator, it never relinquished control and thus section 5536(b)(2) is applicable.

We must disagree. Appellee never had "actual possession or control" of the elevator "as owner, tenant or otherwise" either at the time of the improvement or after installation, and only performed maintenance and repair work when summoned by appellant's family. Appellee had no contract to service or maintain the elevator; repair work could have been done by any company of appellant's choice. Therefore, appellee had no obligation whatsoever to inspect or repair the elevator in the absence of a request by the owners. While it is conceivable that a designer, manufacturer or installer could retain ample control over an improvement so as to trigger the section 5536(b)(2) exception (such as a manufacturer installing elevators in its own building), not even a scintilla of control has been demonstrated here.

It is without question that 42 Pa.C.S.A. § 5536(a) applies to the person who designs and constructs an improvement during the twelve year period in which liability can be imposed. Since this is a statute of repose, the liability is extinguished upon passage of the twelve years and it is a non-waivable right, contrary to a statute of limitations, which is waived, if not alleged, in a responsive pleading. *Mitchell, supra.*

The statute in section 5536(b)(2) goes on to carve out an exception to the extinguishing effect of section 5536(a) as to "a person in actual possession or control, as owner, tenant, or otherwise, of such an improvement" at the time it caused the harm complained of. Since Inclinator designed and constructed the improvement and was not in possession as owner or tenant at the time of the accident, it is insulated from liability unless it can be construed to be liable under the one remaining designation "or otherwise".

■ Applying the principles of statutory construction to section 5536(b)(2), it is clear that they do not come within the designated category. In interpreting the meaning of a general word following particular words, the general term is restricted by the preceding particular words; 1 Pa.C.S.A. § 1903(b) Words and phrases:

b) General words shall be construed to take their meaning and be restricted by preceding particular words.

Upon application, we find that the particular words are possession or control, as *owner, tenant* or otherwise. The word otherwise is preceded by particular terms of possession, control, owner, tenant, all of which can note a possessory interest. Inclinator's involvement as the maintenance firm cannot be construed to imbue it with such an interest. To hold otherwise would require that a designer-installer with intermittent contact with the improvement, have responsibility when the duty to maintain was that of the owner. The control of which the statute speaks is a possessory interest which carries with it the duty to maintain.

In *Piekarski v. Club Overlook Estates, Inc.,* 281 Pa.Super. 162, 421 A.2d 1198 (1980), this Court held that transfer of an improvement by a developer to a municipality provided a defense under section 5536(b)(2) to liability despite the fact that the developer continued ownership through which the improvement (drainage gully) passed. The facts in *Piekarski* were dissimilar to those in the present case, but the analysis of the application of section 5536(b)(2) (previously 12 P.S. § 65.4) to those facts will aid us in our

disposition. Club Overlook, a cross-appellant in that case, "had designed a road system with a drainage system attached to the roads" (421 A.2d at 1211). Subsequent to its design and construction of the system, Club Overlook dedicated the road and drainage system to Penn Township while retaining control over the hillside in which the drainage gully was located. Since the accident occurred on March 14, 1973 (head on collision between two vehicles resulting in the death of Piekarski, appellee's decedent), and the road and drainage system were dedicated by Overlook and accepted by the Township in 1956, more than twelve years had elapsed between the time of the dedication and the accident. The accident was attributable to water on the road due to an overload of the drainage system. While this Court held that there might be liability by Overlook as an adjacent owner, there could not be liability for negligence in the design or construction of the road and drainage system. Once the dedication to Penn Township occurred, section 5536(b)(2) did not apply as it denies protection only to a party that retains possession or control of an improvement. With the continued control and possession, and only then, would continuing responsibility for the design defect continue beyond the twelve year period of the statute.

■ Therefore, we find that appellee, as designer, manufacturer and installer of the elevator, unquestionably falls within the scope of the statute and appellant's claim is time-barred. Similarly, in *Catanzaro, supra,* we found that a personal injury action, brought against the manufacturer of a skylight by a laborer who fell through the skylight, was barred by the twelve-year period of limitations in 42 Pa.C.S.A. § 5536 where school construction was completed in 1961 and the personal injury claim was not filed until July of 1981.

Appellant further argues that each visit made by appellee in the thirty-year period revitalized the twelve-year limitations, and that their failure to correct the defect during this period rendered the improvement incomplete. In a large measure, we have already addressed this issue but would only add that the arrangements, to periodically service the

improvement, cannot be enlarged to extending the design and construction period for over thirty years. Much as the dedication of the improvement to the Township, in *Piekarski*, served to fix the date for activation of the statute of repose, despite continuing involvement by Overlook with the supporting property, so does the date of delivery of the improvement to appellants, despite periodic maintenance thereafter, serve to fix the date actuating the statute here.

■ Appellant also raises the issue that 42 Pa.C.S.A. § 5536 is unconstitutional because its application would "insulate an injured plaintiff from the bar of justice, ..." (appellant's brief at p. 11). This issue has been waived inasmuch as no notice of the constitutional issue was given to the Attorney General as is required by Pa.R.A.P. 521(a). *See Sitarik v. Civil Service Commission,* 76 Pa.Cmwlth. 29, 462 A.2d 966 (1983).

Accordingly, the Order of the lower court granting summary judgment is affirmed.

Order affirmed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Court of Common Pleas of Dauphin County is affirmed.