

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Bruton v. Paesani

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bruton v. Paesani" (2006). *2006 Decisions.* Paper 1784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 04-4051 & 04-4155 (consolidated)

RAYMOND L. BRUTON,

Appellant

v.

JOSEPH PAESANI; HONORABLE VINCENT L. BIFFERATO;
CHARLES H. TOLIVER, IV, Judge; MARLENE LISHENSTADTER;
MARILYN LETTS; MICHAEL HENDLER; OPERATION SAFE STREETS
PROBATION OFFICERS; PROBATION/PAROLE POLICE OFFICER;
KATE EDWARDS; LISA WHITELOCK, Probation/Parole Officer

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 00-cv-01032)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
JANUARY 3, 2006
Before: SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges.

(Filed: January 6, 2006)
_____

OPINION
_____

PER CURIAM

Inmate Raymond L. Bruton appeals from a District Court order granting the

Defendants' motion for summary judgment on his suit under 42 U.S.C. § 1983. He

alleges that several Delaware Probation and Parole Officers (P&P Officers) along with

Safe Streets Police Officers violated his Fourth and Eighth Amendment rights, and committed numerous state torts by entering and searching his home. He also appeals an order denying as moot his motions for sanctions and a pre-trial discovery conference. We will affirm.

## I.

On the afternoon of March 15, 2000, P&P Officers Lisa Whitelock and Michael Hendler visited what they believed to be the address of probationer Cheryl Diggs. Both Officers knew that Bruton owned and lived at the property, and that he was on parole for a 1980 drug offense. They were also aware that Bruton agreed to the following parole condition: "[y]ou must report to your Supervising Officer at such times and places as directed, and permit the Probation/Parole Officer to enter your home and/or visit places of employment." Prob. Condition #3. The Officers knocked on the door and Bruton appeared at the front window. The Officers identified themselves and asked to see Diggs. Officer Whitelock claims that she motioned to be let in, but neither P&P Officer states that they actually asked Bruton to open the door. Claiming he did not notice the Officer's hand gestures, and that he did not know that Diggs listed his address as her residence, Bruton told the Officers to "hold on" and went upstairs to tell Diggs that she had visitors. Bruton soon returned and opened the door. He states that he asked why Hendler was standing at the front window waving his arms. Instead of answering, Hendler forced his way into the house.

Bruton began yelling at the Officers. He eventually called 911, reporting that

2

unidentified persons just broke into his house. Concerned about Bruton's emotionally charged state, the Officers called for backup from Operation Safe Streets, a group of police assigned to support probation officers. Backup arrived and Bruton was placed in handcuffs. A search of the house was conducted, uncovering a small amount of drug residue and paraphernalia. Diggs admitted that it belonged to her, but Bruton was arrested for violating the conditions of his parole.

A hearing officer found Bruton in violation of his parole on two grounds: for refusing to allow Whitelock and Hendler immediate access to his house and for possessing drugs. Bruton filed the instant suit against police officers, P&P officers, and several state officials. The District Court dismissed the complaint against the majority of the Defendants as frivolous, but permitted Bruton to amend his complaint with respect to the officers at the scene. Bruton complied, naming P&P Officers Whitelock and Hendler, and the Safe Street Officers collectively. He later added Kate Edwards, one of the responding P&P Officers. Specifically, Bruton raises federal claims under the Fourth and the Eighth Amendments. He also raises state law claims of negligence, intentional infliction of emotional distress, and false arrest. The District Court granted the Defendants' motion for summary judgment. It held that the search was permissible under United States v. Knights, 534 U.S. 112 (2001), and Griffin v. Wisconsin, 484 U.S. 868 (1987). It also found that Bruton failed to establish that any of the Defendants was deliberately indifferent to a substantial risk of harm in violation of the Eighth Amendment. The District Court declined to address the state law issues. It also denied

3

Bruton's outstanding motions. Bruton appealed.[1]

## II.

### A.    Fourth Amendment

The touchstone of the Fourth Amendment is reasonableness, and "the reasonableness of a search is determined by" balancing the "degree to which it intrudes upon an individual's privacy" against the promotion of legitimate governmental interests. Knights, 534 U.S. at 118-19 (citations omitted).  Where a person is on parole and subject to a parole condition permitting administrative searches, officers need only reasonable suspicion to enter and search the property.  See Knights, 534 U.S. at 118-21; Griffin, 483 U.S. at 870-71.

Two independent intrusions occurred, the entry into Bruton's home and the subsequent search.  However, we do not need to address whether either intrusion violates the Fourth Amendment because the Defendants are entitled to qualified immunity.  The District Court did not address the defense although it is well established that qualified immunity should be addressed at the earliest possible stage of the litigation.  See Hunter

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review.  See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).  Bruton only challenges orders concerning Whitelock, Hendler, the Safe Streets Officers, and Edwards.  We requested that the parties address whether Bruton's Fourth Amendment claim was cognizable under Wilkinson v. Dotson, __U.S.__, 125 S. Ct. 1242 (2005), and Heck v. Humphrey, 512 U.S. 477 (1994), but we need not address the issue here.  The favorable termination rule is not applicable to this proceeding because the Supreme Court has held that the exclusionary rule does not apply to parole revocation proceedings.  See Penn. Bd. of Prob. and Parole v. Scott, 524 U.S. 357, 364 (1998).

v. Bryant, 502 U.S. 224, 227-28 (1991).  Thus, we consider the issue below.

Officials are not liable for monetary damages unless they have violated a constitutional right and that right is clearly established, meaning "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier v. Katz, 533 U.S. 194, 202 (2001); see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Gilles v. Davis, 427 F.3d 197, 203-04 (3d Cir. 2005).

Even assuming that the Appellees violated the Fourth Amendment by entering and searching Bruton's home, we cannot find a sufficiently analogous case under either state or federal law that would have notified the P&P Officers that their conduct was patently unconstitutional.  See Saucier, 533 U.S. at 202-03.  First, the Officers reasonably interpreted the parole condition.  Delaware courts have not taken a position on the issue and the Supreme Court's rulings in Knights and Griffin could lead a reasonable officer to conclude that she did possess the right of entry.

Second, failure to accurately determine what the law requires does not void qualified immunity unless the determination was clearly unreasonable.  See Saucier, 533 U.S. at 205.  Even if the Officers wrongly assessed Bruton's conduct inside the house and his failure to immediately open the door, the calculation was not unreasonable.   Further, the Officers were not aware that Diggs failed to tell Bruton that she gave his address to her Probation Officer.  Finally, no evidence suggests that any of the Appellees conducted the search to harass Bruton.  The Appellees' conduct was not clearly unlawful, and thus, they are entitled to qualified immunity.

5

## B.   Eighth Amendment

To show that the P&P Officers violated the Eighth Amendment, Bruton must establish that the Officers were aware that a substantial risk of serious harm existed, and that they deliberately disregarded that risk.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Bruton argues that the serious risk of harm was the minor destruction of his property from an overly zealous search.  Leaving a few pieces of food out of the refrigerator and rifling through his things do not create a "substantial risk of harm," and cannot support an Eighth Amendment claim.

## C.   Remaining Claims

Bruton finally argues that the District Court abused its discretion by failing to rule on his state law claims.  A District Court has discretion to exercise supplemental jurisdiction.  See Santiago v. GAMC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005).  Once the District Court granted summary judgment on Bruton's two federal claims, it was not required to adjudicate his claims under state law.  In this instance, the District Court did not abuse its discretion in declining jurisdiction over the remaining claims.[2]

## III.

---

[2] Bruton's appeal from the denial of his motions for sanctions and a pre-trial discovery conference is meritless.  We review both for abuse of discretion.  See Luzadder v. Despatch Oven Co., 834 F.2d 355, 360 (3d Cir. 1987) (sanctions); Lloyd v. Hovensa, L.L.C., 369 F.3d 263, 274 (3d Cir. 2004).  The basis for the motion for sanctions lacks merit, and Bruton fails to allege what he hoped to discover that would alter the decision in this case.  Thus, the District Court did not abuse its discretion.

For the foregoing reasons, we find that Bruton has failed to establish that the

District Court erred in evaluating any of his claims. Accordingly, we will affirm.