**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2119
_____

CPA NINA SHAHIN,
Appellant

v.

STATE OF DELAWARE; DEPARTMENT OF STATE DIVISION OF
CORPORATIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:07-cv-00642)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  July 22, 2013)
_____

OPINION
_____

PER CURIAM

Nina Shahin, a frequent pro se litigant, appeals from the District Court's order

granting the defendants' motion for summary judgment.  Because this appeal does not

present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In October 2007, Shahin filed an employment discrimination complaint in the District Court, alleging that the Delaware Department of State, Division of Corporations (the "State"), did not hire her for positions as a corporate manager or temporary corporate assistant because of her age and national origin. She brought her claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Shahin also alleged that she was not hired in retaliation for filing previous charges of discrimination with the United States Equal Employment Opportunity Commission.

Following discovery, the State filed a motion for summary judgment or, in the alternative, a motion to dismiss. The District Court granted summary judgment to the State, holding that the State was immune from suit under the ADEA, that Shahin had not established a prima facie case of discrimination under Title VII, and that the record did not support her retaliation claim because there was no nexus between Shahin's filing of a charge of discrimination and the State's hiring decision.[1] This appeal followed.

---

[1] The District Court also denied as moot Shahin's motion for sanctions. To the extent that Shahin challenges this denial, we agree that the District Court did not abuse its discretion. See Luzadder v. Despatch Oven Co., 834 F.2d 355, 360 (3d Cir. 1987). Furthermore, the District Court properly denied as moot her motion for a jury trial, as "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are

2

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's grant of summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Shahin first alleged that the State violated the ADEA by discriminating against her because of her age. The ADEA prohibits employers from refusing to hire persons because of their age. 29 U.S.C. § 623(a)(1). The Act's definition of employer specifically includes "a State or political subdivision of a State and any agency . . . of a State." 29 U.S.C. § 630(b)(2). The ADEA, however, does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages. Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 91 (2000). Here, the defendants are the State and one of its agencies, the Department of State. Given that the defendants have not waived their Eleventh Amendment immunity, the District Court properly granted summary judgment to the State on Shahin's ADEA claim.

---

issues of fact to be determined." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) (quoting In re Peterson, 253 U.S. 300, 310 (1920)).

We analyze Shahin's discrimination and retaliation claims under Title VII according to the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385-86 (3d Cir. 1999). Under this framework, Shahin bore the initial burden of establishing a prima facie case of a Title VII violation. See McDonnell Douglas Corp., 411 U.S. at 802. If she established a prima facie case, the burden would shift to the State to "articulate some legitimate, nondiscriminatory reason" for not hiring her. See id. Shahin would then have an opportunity to show that the legitimate reason offered by the State was pretextual. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

We agree that Shahin failed to establish a prima facie case of discrimination under Title VII. To establish a prima facie case, Shahin needed to show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action was under circumstances giving rise to an inference of discrimination. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Here, Shahin alleged that she was not hired as either a Corporate Administrator or a temporary Corporate Assistant because she is Ukrainian. However, she failed to provide sufficient evidence of circumstances raising an inference of discriminatory action. See id. Notably, the record only reveals the national origin—also Ukrainian—of one of the hired temporary employees. In her opposition to summary judgment, Shahin relied on a general claim that the Corporate Administrator position was filled by an

4

"American-born candidate."  This conclusory allegation, however, does not establish a "causal nexus between [her] membership in a protected class and the decision to not [] hire [her]."  Id. at 798.

Even if Shahin had established a prima facie case, we agree that her discrimination claim would nonetheless fail because the State articulated a legitimate, non-discriminatory reason for its decision not to hire Shahin.  See McDonnell Douglas Corp., 411 U.S. at 802.  The State proffered evidence that the individual hired for the Corporate Administrator position had eighteen years of experience working for the State, including five years as a supervisor.[2]  By contrast, Shahin's resume indicated that while she had experience, particularly in tax accounting, she had never worked for the State and had not maintained employment with one company for more than two years.  Furthermore, Shahin failed to point to evidence suggesting that the State's reason for not hiring her was pretextual.  See McDonnell Douglas Corp., 411 U.S. at 802.  To make a showing of pretext, Shahin needed "evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the employer's] action."  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc).  In an attempt to establish pretext, Shahin has suggested that the State hired individuals with political connections.

---

[2] The credentials for the individuals hired for the temporary positions were not included in the record because the State no longer possessed copies of their applications.

However, this sheer speculation is insufficient to refute the State's explanation of why Shahin was not hired.  See Sarullo, 352 F.3d at 799-800.

We also conclude that Shahin did not make out a prima facie case of retaliation. To establish such a case, she must show that (1) she engaged in activity protected by Title VII; (2) the State took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse action.  See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).  However, Shahin did not proffer evidence suggesting any causal link between her prior charges of discrimination and the State's decision not to hire her.  She provided no details about when these charges were filed, and the record is devoid of evidence that the individuals involved in the hiring process had any knowledge of her prior charges.  See Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007) (a plaintiff may establish a causal connection by showing a close temporal proximity between the protected activity and the alleged discriminatory conduct, or by submitting "circumstantial evidence . . . that give[s] rise to an inference of causation.").  Accordingly, the District Court properly granted summary judgment to the State on this ground as well.

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

6