**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1107
_____

NINA SHAHIN, CPA,
                                    Appellant

v.

STATE OF DELAWARE DEPARTMENT OF FINANCE;
ATTORNEY GENERAL DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00188)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: October 27, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Nina Shahin appeals the District Court's order granting summary judgment to the defendants and denying her request for sanctions. For the reasons discussed below, we will affirm the District Court's judgment.

In April 2008, the Delaware Department of Finance's Division of Human Resources advertised an opening for a position titled "State Accountant IV (Help Desk Manager)." The posting explained that the individual hired for the position would "be a key person to assist in the determination [of] the state's needs and plans for the State of Delaware's Financials ERP Project Help Desk prior to system implementation," and would "manage approximately 13 staff upon 'Go-Live' of the system and be responsible for leading and providing financial[] help desk services statewide." The job would last for one year. Shahin — who describes herself as "a Russian speaking, Ukrainian born, naturalized American citizen . . . [who] is a CPA with two master's degrees in accounting and taxation with more than ten years of progressive accounting, auditing, tax, and teaching experience," Br. at 5 — applied for the job. The defendants interviewed Shahin, but ultimately hired an African-American woman named Tamika Leveridge.

After obtaining a right-to-sue letter, Shahin filed a complaint in the District Court, alleging that the State of Delaware and its Department of Finance had discriminated against her on the basis of, as relevant here, national origin. The defendants moved to dismiss. The District Court granted the motion, but provided Shahin with leave to amend. Shahin filed an amended complaint, and the defendants again moved to dismiss.

2

This time, the District Court granted the defendants' motion in part. After taking discovery, the parties filed cross-motions for summary judgment; Shahin also filed a motion for sanctions, alleging that the defendants' motion for summary judgment was frivolous and that defense counsel had behaved inappropriately during depositions. The District Court granted summary judgment to the defendants and denied all relief to Shahin; thereafter, the Court also denied Shahin's motion under Rule 59(e) of the Federal Rules of Civil Procedure. Shahin then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review as to the summary-judgment order, State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and review the denial of sanctions for abuse of discretion, Saldana v. Kmart Corp., 260 F.3d 228, 236 (3d Cir. 2001).

We agree with the District Court's analysis of this case. In challenging the District Court's summary-judgment decision, Shahin argues only that the defendants discriminated against her on the basis of her national origin, and we will therefore limit our review to that claim.[1] See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005);

---

[1] At times, Shahin also suggests that she seeks to appeal the District Court's dismissal of her claim under the Age Discrimination in Employment Act (ADEA), but as we have repeatedly held in Shahin's previous actions, the defendants here are immune from suit under the ADEA. See Shahin v. Delaware, 563 F. App'x 196, 198 (3d Cir. 2014); Shahin v. Delaware, 531 F. App'x 200, 202 (3d Cir. 2013); Shahin v. Delaware, 531 F. App'x 197, 199 (3d Cir. 2013); Shahin v. Delaware, 424 F. App'x 90, 92 (3d Cir. 2011). We likewise discern no error in the District Court's denial of Shahin's motion under Rule 59(e). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). As to this motion, we specifically reject Shahin's utterly baseless allegation that the District

see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Where, as here, the plaintiff proceeds under a pretext theory, claims under Title VII are evaluated under the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999). We will assume that Shahin has made a prima facie showing of discrimination; the burden thus shifts to the defendants to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (quotation marks omitted). The defendants have carried that burden. Cheryl Sipple, the strategic information systems manager at the Delaware Department of Finance, testified in her deposition and stated in an affidavit that experience working at a help desk was critical for the position. Leveridge possessed that experience, and Shahin did not. This explanation is sufficient to satisfy the defendants' "relatively light" burden. Tomasso v. Boeing Co., 445 F.3d 702, 706 (3d Cir. 2006) (quotation marks omitted).

The burden thus shifts back to Shahin to present sufficient evidence for a reasonable factfinder to disbelieve this explanation. See Fuentes, 32 F.3d at 764. Shahin argues that her qualifications so exceeded Leveridge's that the defendants' decision to hire Leveridge must have been based on discrimination. While a plaintiff may be able to establish that the defendants' explanation is pretextual when the differences between two applicants' qualifications "are so favorable to the plaintiff that there can be no dispute

Judge is "dishonest" or "corrupt[]."

4

among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue," Mlynczak v. Bodman, 442 F.3d 1050, 1059 (7th Cir. 2006) (quotation marks omitted), Shahin cannot make the necessary showing. As noted above, the position she applied for included "Help Desk Manager" in its title, and the job posting stressed that the employee would, indeed, be responsible for managing a help desk. In light of the fact that only Leveridge possessed experience working at a help desk, Shahin cannot show that she was clearly better qualified for the position. See Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000); Colon-Sanchez v. Marsh, 733 F.2d 78, 82 (10th Cir. 1984).[2] Accordingly, the District Court did not err in granting judgment to the defendants on this claim.

Shahin also argues that the District Court erred in denying her motion for sanctions. We have reviewed the deposition transcripts and the remainder of the record,

---

[2] Shahin also argues that Leveridge did not possess the "three years['] experience in accounting" that the job posting stated was required. However, "we do not sit as a super-personnel department that reexamines an entity's business decisions"; rather, "our inquiry is limited to whether the employer gave an honest explanation of its behavior." Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 332 (3d Cir. 1995) (alteration, quotation marks omitted). In light of Leveridge's lengthy employment history, including her time working as an accountant for the City of Philadelphia and in the accounting department for Southwestern Bell, we see no basis for a reasonable juror to conclude that the defendants did not actually believe that Leveridge satisfied the experience requirement. See Jones, 198 F.3d at 414. ("While Jones may quarrel with the school district's conclusions regarding particular controversies, the bona fides of its determinations simply cannot be doubted."); cf. Jackson v. Gonzales, 496 F.3d 703, 708 (D.C. Cir. 2007) (concluding that defendant was entitled to summary judgment when the plaintiff's "evidence at most show[ed] that the evaluators could have given him somewhat higher scores and [his competitor] somewhat lower scores than they did").

and are satisfied that the District Court did not abuse its discretion in concluding that the defendants did not (i) "impede[], delay[], or frustrate[] the fair examination of [any] deponent," Fed. R. Civ. P. 30(d)(2), (ii) move for summary judgment without having a basis in fact or law to do so, see Fed. R. Civ. P. 11(b), or (iii) cover up perjury committed by their witnesses. Thus, the District Court did not err in denying Shahin's motion for sanctions. See generally Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297-98 (3d Cir. 2010); Saldana, 260 F.3d at 237.

Accordingly, we will affirm the District Court's judgment.