**Nina SHAHIN, Appellant**

v.

**State of DELAWARE.**

**No. 07–4566.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B) or

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 28, 2008.

Filed March 31, 2008.

Nina Shahin, Dover, DE, pro se.

Judy O. Hodas, Esq., Department of Justice, Wilmington, DE, for State of Delaware.

Before: McKEE, RENDELL and SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Nina Shahin appeals *pro se* from the District Court's order dismissing her complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Because we conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

The background of this case is known to the parties and has been ably summarized by the District Court. Briefly, Shahin filed a civil rights complaint against the State of Delaware, alleging that her civil

rights were violated in connection with three state court proceedings that were resolved unfavorably to her. According to Shahin, a state court judge denied her due process in the first proceeding by, among other things, refusing to let her question a witness. She alleges that the judge in the second proceeding "rushed to judgment" and colluded with opposing counsel in awarding attorney's fees against her. Finally, she alleges that the hearing in the third proceeding was "rigged," that the transcript was falsified, and that the judge improperly allowed a certain witness to remain present throughout the proceedings. The sole relief she seeks is monetary damages in the amount of $3,000,000.

The District Court granted Shahin leave to proceed *in forma pauperis,* then screened her complaint pursuant to § 1915(e)(2) and dismissed it as frivolous. In particular, the District Court explained that Shahin's claim for monetary damages against the State of Delaware, including its judiciary, is absolutely barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atlantic of Pa.,* 271 F.3d 491, 503 (3d Cir.2001). The District Court also explained that, although Shahin had not named any members of the Delaware judiciary as defendants, any claims for monetary damages against them for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Shahin appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Shahin is proceeding *in forma pauperis,* so we review this appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B). An appeal is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We agree that Shahin's com-

plaint was frivolous, and that amendment would be futile, for the reasons explained by the District Court. Our independent review reveals that, for those same reasons, there is no arguable basis to challenge the District Court's ruling on appeal. Accordingly, this appeal will be dismissed.