**Nina SHAHIN, Appellant**

v.

**State of DELAWARE; Department of Transportation.**

**No. 09–1757.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 8, 2009.

Opinion filed: Sept. 10, 2009.

Nina Shahin, Dover, DE, pro se.

Laura L. Gerard, Esq., Department of Justice, Wilmington, DE, Frederick H. Schranck, Esq., Office of Attorney General, Department of Transportation, Dover, DE, for State of Delaware, Department of Transportation.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Appellant Nina Shahin, a pro se litigant, seeks review of the District Court's Febru-

ary 26, 2009, 2009 WL 485168, Order granting Defendants', the State of Delaware and the State of Delaware Department of Transportation (together "the State,") motion to dismiss under Rule 37(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we will affirm.

## I.

On July 20, 2007, Shahin filed a lawsuit alleging employment discrimination by reason of age. Shahin claimed that the State discriminated against her on the basis of her age when they failed to employ her as an Assistant Director of Financial Management. On February 20, 2008, the District Court issued discovery and scheduling orders to the parties, directing discovery to be completed by August 21, 2008, and summary judgment motions to be filed by October 21, 2008. Both before and after Shahin filed the action at issue here, she filed various other lawsuits in the District Court against the State of Delaware and several of its agencies. In an apparent effort to litigate all of the cases together, Shahin filed an untimely motion to consolidate on May 20, 2008.[1]

While Shahin's motion to consolidate was pending, on June 10, 2008, the State served discovery requests upon Shahin. When Shahin did not timely respond to the discovery requests, the State corresponded with her on two occasions, July 22, 2008, and July 25, 2008. Shahin responded to the July 22, 2008 letter stating that she had several lawsuits pending, did not have the time or the money to respond to the discovery, and would wait for the District

Court's ruling on her motion to consolidate before providing discovery. She did not respond to the July 25, 2008 letter. The State then filed a motion to compel on August 19, 2008. Shahin did not respond to the motion. Finally, on October 22, 2008, the State, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, moved to dismiss the case as a result of Shahin's failure to prosecute or comply with the District Court's scheduling order. The District Court subsequently granted the State's motion and dismissed Shahin's complaint with prejudice. A timely appeal followed.

## II.

We review for abuse of discretion the District Court's decision to dismiss the complaint as a sanction for failure to comply with discovery obligations. *Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 538 (3d Cir.2007). "Although we have held that dismissal is a harsh remedy and should be resorted to only in extreme cases," we have similarly recognized that "[d]istrict court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992).

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or permit discovery. *See* Fed.R.Civ.P. 37(b)(2)(A). In assessing the propriety of such an action, we have stated that

we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the ex-

---

**1.** The scheduling order directed all motions to join parties and amend pleadings to be filed by April 21, 2008.

tent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). As we have previously observed, the balancing of these factors is not a mechanical exercise; "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. On appeal, we afford the District Court's decision "great deference" in view of the fact that, unlike us, the District Court has had direct contact with the litigants and is intimately familiar with the disruptions and difficulties caused by the behavior that led to the punitive dismissal. *Id.*

Given the District Court's careful consideration and application of the *Poulis* factors, we cannot say that the District Court abused its discretion in dismissing Shahin's case. First, any delay or failure to follow the District Court's order was directly attributable to Shahin, as she was representing herself pro se. Second, the State has been prejudiced in its inability to adequately prepare for trial, by Shahin's delay and her failure to comply with the

District Court's orders. Third, the District Court noted that Shahin's refusal to participate in discovery and to follow court orders has been ongoing. While the District Court did not make explicit findings as to whether Shahin's conduct was willful or in bad faith, it did note, and we agree, that Shahin appears to rely upon her many pending lawsuits to excuse her from prosecuting this case.[2] Lastly, and perhaps most importantly, Shahin's claim does not appear meritorious. She alleges age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. § 623. The defendants are the State of Delaware and its agency, the Department of Transportation. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The State has not waived its sovereign immunity under the Eleventh Amendment and Congress did not validly abrogate the States' sovereign immunity to ADEA suits filed by private individuals. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).[3]

Accordingly, we will affirm the judgment of the District Court.

---

**2.** Shahin's argument that she was somehow authorized to delay responding to the State's discovery requests because her motion to consolidate was still pending is untenable. The record is void of any Court-ordered stay or request to stay the proceedings and Shahin provides no legal authority which might support her assumption.

**3.** In her Reply Brief, Shahin argues that "by adopting Senate Bill No. 154 the Delaware Legislature waived that sovereign immunity right in cases of discrimination in employ-

ment (including age discrimination) and made that law a part of the Delaware Constitution (Title 19 Labor, Chapter 7 Employment Practices Subchapter II Discrimination in Employment.)" (*See* Reply Brief at 7) (internal quotations omitted) However, Shahin's complaint does not allege that the State violated Delaware's Discrimination in Employment Act ("DDEA"). *See* 19 Del. C. § 710. Furthermore, Delaware's enactment of its own state law does not abrogate the State's sovereign immunity to ADEA suits filed by private individuals.