OPINION
PER CURIAM.
Nina Shahin, proceeding pro se, appeals the orders of the United States District Court for the District of Delaware granting defendants’ motions to dismiss and denying Shahin’s motion for reconsideration of the dismissal. For the reasons set forth below, we will summarily affirm.
I.
In May 2008, Shahin filed a lawsuit against nine Delaware judges, two law firms, and two court reporters, seeking $9,000,000 in damages for alleged violations of her federal and constitutional rights. Shahin claimed that in three state court proceedings against Delaware Federal Credit Union, the named defendants engaged in coercion, criminal conspiracy, retaliation, and witness tampering, resulting in rulings against Shahin in all three actions.[1] The defendants moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and on March 31, 2009, 606 F.Supp.2d 525, the District Court granted the defendants’ motions, dismissing Shahin’s complaint. Shahin filed a motion for reconsideration of the order, a motion for leave to file an amended complaint, and a motion for sanctions. On July 21, 2009, the District Court denied all of her motions. A timely appeal followed.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary view over the District Court’s dismissal.[2] See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir.2005). To survive a motion to dismiss, a *607 complaint must contain sufficient factual matter, accepted as true, to “state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to “[tjhreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” Id.
Shahin names as defendants several members of the Delaware state judiciary. Members of the judiciary are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity can be overcome only if a judge has acted outside the scope of his or her judicial capacity or in the “complete absence of all jurisdiction.” Id. at 11-12, 112 S.Ct. 286. Despite Shahin’s numerous allegations, there are no facts in the complaint to support inferences that any of the named judges acted outside the scope of his or her judicial capacity or in the absence of jurisdiction. Id. at 11, 112 S.Ct. 286.
Shahin also names as defendants two court reporters and two law firms that represented the credit union in her prior state court proceedings. We agree with the District Court that Shahin’s complaint fails to allege any facts to support her federal or constitutional claims. Shahin alleges that during the state proceedings, one lawyer was substituted for another lawyer, a lawyer filed a motion without affording her proper notice, and a lawyer engaged in ex parte communications with the presiding judge. Even taking the allegations as true, the complaint does not contain any facts that would allow one to reasonably infer that the defendants violated federal or constitutional law. Shahin’s conelusory allegations are insufficient to plausibly demonstrate that any of the defendants violated Shahin’s civil or constitutional rights.[3] See Iqbal, 129 S.Ct. at 1949.
We have held that when a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend her complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir.2002). Given that, as discussed above, there are no facts to infer that any of the defendants violated Shahin’s federal or constitutional rights, we conclude that it would have been futile for the District Court to provide Shahin with leave to amend her complaint before granting the motions to dismiss.
Because the appeal does not present a substantial question, we will summarily affirm the District Court’s orders dismissing the complaint and denying Shahin’s motion for reconsideration.

. This is Shahin's second action in federal court in regards to the state court proceedings against Delaware Federal Credit Union. In June 2007, Shahin initiated a lawsuit against the State of Delaware and its judiciary, alleging violation of her constitutional rights and collusion between the judges and attorneys. The District Court dismissed that action as frivolous pursuant to 28 U.S.C. § 1915(e), and this Court dismissed Shahin’s appeal as frivolous pursuant to 28 U.S.C. § 1915(e). See Shahin v. Delaware, 271 Fed.Appx. 257 (3d Cir.2008).

. We generally review a district court’s decision on a motion for reconsideration for abuse of discretion. Max’s Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999). However, where, as in the instant appeal, the decision is "predicated on an issue of law, such an issue is reviewed de novo.” Id.

. To the extent that Shahin may have been alleging state law violations, the District Court was correct in declining to extend supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367; De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir.2003).