NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1699
_____

CPA NINA SHAHIN,

Appellant

v.

DELAWARE DEPARTMENT OF TRANSPORTATION;
STATE OF DELAWARE
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 09-cv-00123)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2010

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: November 17, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Nina Shahin appeals the District Court's order dismissing her complaint.  For the

reasons below, we will affirm the District Court's order.

    The procedural history of this case and the details of Shahin's claims are well

known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, Shahin filed a complaint against the Delaware Department of Transportation alleging that it discriminated against her on the basis of her age and national origin by failing to employ her. The Department filed a motion to dismiss the complaint for failure to state a claim, and Shahin failed to file a response. The District Court granted the motion without prejudice and gave Shahin thirty days to file an amended complaint before the dismissal would become with prejudice. Shahin did not file an amended complaint and instead filed a notice of appeal.

Where a District Court has dismissed a complaint without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or the litigant declares an intention to stand on the complaint, whereupon the District Court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). The District Court in Borelli did not give a time limit for amendment of the complaint. Here, the District Court gave Shahin thirty days to amend her complaint. Because Shahin did not file an amended complaint within that thirty days and argues on appeal that her complaint was sufficient, we consider Shahin to be standing on her complaint. Thus, the District Court's order is final, and we have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint for failure to state a claim is plenary. Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

2

plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation omitted).

In order to state a claim of employment discrimination, Shahin must allege (1) that she belongs to a protected class; (2) that she applied for a position for which the employer was seeking applicants and was qualified for that position; (3) she was rejected; and (4) the employer continued to seek applicants of her qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Shahin indicated in her complaint that it was being brought pursuant to Title VII and the ADEA for discrimination related to national origin and age occurring in the summer of 2007. In the section of the complaint for the factual allegations, Shahin wrote only: "[t]he DelDOT failed to employ the complainant, failed to provide any response on the reasons or to respond to the charge filed with the DE Dept of Labor." Clearly, these allegations do not allege the necessary elements for a discrimination claim. Shahin did not identify her membership in a protected class, any position for which she applied, or her qualifications. She did not allege that any application was rejected.

Shahin contends that the first two elements were established by her job application and the complaint procedures at the Departments of Transportation and Labor. She asserts that her age, national origin, and job qualifications are indisputable. However, these details were not included in the complaint. Shahin could have raised these arguments in response to the motion to dismiss or alleged these facts in an amended complaint. As noted by appellees, they pointed out in their motion to dismiss how

3

Shahin might amend her complaint to state a claim: e.g. she could provide details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to. However, Shahin chose to not file a response or an amended complaint.

She also contends that the information needed to plead the fourth element of a discrimination claim was not provided to her by the Department of Labor after its investigation or the Deputy Attorney General in his motion to dismiss. However, it is the plaintiff who must plead the necessary elements of a discrimination claim, not the defendants. Under Iqbal, it is not sufficient to simply recite the elements of a cause of action and support them with conclusory statements. Iqbal, 129 S. Ct. at 1949. Here, Shahin has done even less. We agree with the District Court that she failed to state a claim.

For the above reasons, we will affirm the District Court's order. Shahin's motion to supplement the record is denied.