CLD-153                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4784
_____

CPA NINA SHAHIN,
                                        Appellant

v.

STATE OF DELAWARE;
DEPARTMENT OF FINANCE, DIVISION OF ACCOUNTING
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00644)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2011)
_____

OPINION
_____

PER CURIAM

Nina Shahin, proceeding pro se, appeals the District Court's order denying her

motion for summary judgment and granting the defendants' motion for summary

judgment.  For the following reasons, we will summarily affirm.

1

In October 2007, Shahin filed an employment discrimination complaint in the United States District Court for the District of Delaware. She alleged that the Delaware Department of Finance (the "State") did not hire her for several accountant positions because of her age and national origin. She brought her claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). As relief, Shahin sought "the maximum allowed by law." After conducting discovery, the parties filed cross-motions for summary judgment. The District Court granted the State's motion, holding that the State was immune from suit under the ADEA and that Shahin had not established a prima facie case of discrimination under Title VII.[1] Shahin appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "This court reviews the District Court's decision resolving cross-motions for summary judgment de novo." Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this determination, we must view the facts in the light most favorable to the

---

[1] The District Court also denied Shahin's pending motions to extend the discovery deadline, to compel the defendants to answer an interrogatory question, and for sanctions. To the extent that Shahin challenges these denials, we conclude that the District Court did not abuse its discretion. Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000) (noting that review of District Court's management of discovery is for abuse of discretion); Luzadder v. Depatch Oven Co., 834 F.2d 355, 360 (3d Cir.1987) (holding that this Court reviews the denial of a motion for sanctions for abuse of discretion). The authorized discovery period had been closed for over a year when Shahin sought to extend the discovery deadline; the interrogatory question at issue was not relevant to

nonmoving party and draw all inferences in that party's favor." Stratechuk v. Bd. of Educ., South Orange-Maplewood Sch. Dist., 587 F.3d 597, 603 (3d Cir. 2009) (internal quotation marks omitted).

Shahin alleged that the State discriminated against her on the basis of age, in violation of the ADEA. The ADEA prohibits employers from refusing to hire persons because of their age. 29 U.S.C. § 623(a)(1). The Act includes in its definition of employer "a State or political subdivision of a State and any agency . . . of a state." 29 U.S.C. § 630(b). The Supreme Court has held, however, that the ADEA does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages. Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 91 (2000). The defendants here are the State and one of its agencies, the Department of Finance. Because the defendants have not waived their sovereign immunity under the Eleventh Amendment, the District Court properly dismissed Shahin's ADEA claim.

We also agree with the District Court that Shahin failed to establish an adequate prima facie case of discrimination under Title VII. Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). A plaintiff carries the initial burden of establishing a prima facie case. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case, Shahin must demonstrate that: 1) she belongs to a protected class; 2) she was qualified for the position; 3) she was subject to an adverse employment

Shahin's claims; and the motion for sanctions, in which Shahin argued that defense counsel misinterpreted the law, was without merit.

3

action; and 4) the adverse action was under circumstances giving rise to an inference of discrimination. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). If Shahin establishes a prima facie case, the State must provide a legitimate, non-discriminatory reason for the adverse employment action. Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999). If the State is able to proffer such a reason, Shahin must show that it is a pretext for discrimination. Id.

Shahin alleged that she was not hired because she is Ukrainian. Importantly, however, she did not present sufficient evidence of circumstances that raise an inference of discriminatory action. Sarullo, 352 F.3d at 797. Shahin had applied for two positions as a State Accountant II, two positions as a State Accountant IV, and one position as a State Accountant V. Notably, however, the record does not reveal the national origin of the other applicants for those positions.[2] In support of her claim, Shahin alleged that a written test for the State Accountant IV position was "utilized as a measure to eliminate her as a discriminatory act . . . ." Although Shahin complained that the "test was introduced after the advertisement [for the job] was placed," she failed to explain how the test was discriminatory. In her motion for summary judgment, Shahin relied on general claims that the State Accountant positions were filled by "internal candidates with . . . lesser qualifications," by "American citizens," and by individuals with "connections to the friends and family of [Delaware] legislators." These conclusory allegations, however,

---

[2] According to the defendants' answers to interrogatories, the State Accountant II positions were filled by white females over age forty, the State Accountant IV positions were filled by a black female under forty and an Asian female under forty, and the State Accountant V position was filled by a white female over forty.

4

do not establish a "causal nexus between [her] membership in a protected class and the decision to not []hire [her]." Sarullo, 352 F.3d at 798; see also Espinoza v. Farah Mfg. Co., Inc., 414 U.S. 86, 89 (1973) (stating that "Congress did not intend the term 'national origin' to embrace citizenship requirements."). Shahin also claimed that "she was asked by an interviewer what her [n]ational [o]rigin was after the interview had concluded." The District Court concluded that the question "raise[d] a slight specter of discriminatory intent." Notably, however, there is no indication in the record that the interviewer who asked the question was involved in the decision not to hire Shahin. Under these circumstances, we agree that this isolated question does not establish a prima facie case of discrimination. Cf. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314-16 (6th Cir. 1989) (holding that supervisor's "single, isolated discriminatory comment" unrelated to the decisional process was insufficient to avoid summary judgment for the defendant).

Even if Shahin established a prima facie case, the District Court correctly concluded that her discrimination claim would nonetheless fail. The State articulated a legitimate, non-discriminatory reason for its decision not to hire Shahin. In their answers to interrogatories, the State demonstrated that the individuals hired for the State Accountant positions had consistent work histories and numerous years of accounting and state employment experience.[3] By contrast, Shahin's resume, which was attached to

---

[3] For instance, one of the State Accountant II positions was filled by a person who had been employed by the state since 1981, and who had been performing accounting work since 1983. The other individual selected for that position had been a state employee since 1995 and had worked in accounting since 1999. The two people hired for the State Accountant IV positions had both worked for state agencies and had undergraduate accounting degrees, one held an MBA and possessed five years of experience as a state

her answers to interrogatories, indicated that while she had accounting degrees and experience, she had never worked for the state and not maintained employment with one company for more than two years. Furthermore, Shahin failed to show that the State's legitimate, non-discriminatory reason for not hiring her was a pretext for discrimination. To make a showing of pretext, Shahin would have to point "to some evidence, direct or circumstantial, from which a fact-finder would reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the employer's] action." See Sheridan v. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)). In this connection, Shahin again relies on her theory that the State hired individuals with political connections. But this allegation, which is primarily based on sheer speculation, is not sufficient to refute the State's explanation of why Shahin was not hired. See Sarullo, 352 F.3d at 800.

Finally, Shahin suggested that she was not hired in retaliation for filing previous charges of discrimination. To advance a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's

---

auditor, and the other had five years of non-state experience as a senior accountant with a CPA firm. The individual hired for the State Accountant V position also had an undergraduate accounting degree, was a CPA, had previously worked in the State Auditor's Office, and had worked for a CPA firm for 16 years.

6

protected activity and the employer's adverse action. See Abramson v. William Paterson Coll. of NJ, 260 F.3d 265, 286 (3d Cir. 2001). Shahin did not demonstrate that a causal link existed between her prior complaints of discrimination and the State's decision not to hire her. Significantly, Shahin provided no details about the charges of discrimination, such as when they were filed, and there was no evidence that the individuals involved in the hiring process had any knowledge of those prior charges. Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007) (holding that a plaintiff may establish the requisite causal connection by showing a close temporal proximity between the protected activity and the alleged discriminatory conduct, or by submitting "circumstantial evidence . . . that give[s] rise to an inference of causation."). Without any evidence to support a finding of a causal connection, we conclude that Shahin failed to establish a prima facie case of retaliation, and summary judgment in favor of the State was proper on this claim as well.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.