ALD-017                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3435
_____

NINA SHAHIN, CPA,
                                        Appellant
v.

DE SOLID WASTE AUTHORITY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00957)
District Judge:  Honorable Leonard P. Stark

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: November 2, 2012)
_____

OPINION
_____

PER CURIAM.

        Nina Shahin, proceeding pro se, appeals the United States District Court for

the District of Delaware's order granting the Delaware Solid Waste Authority's

("DSWA") motion for summary judgment. Because this appeal does not present a substantial question we will summarily affirm for substantially the same reasons as given in the District Court's order.

**I.**

In November 2010, Shahin filed an employment discrimination complaint in the District Court. She alleged that DSWA did not hire her as their Controller because of her age and national origin. She brought her claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Shahin's complaint also alleged that she was not hired in retaliation for filing a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

Following the end of the discovery period, DSWA filed a motion for summary judgment. Shahin argued in opposition to the motion that summary judgment was improper at the time because due to postal error she did not receive discovery and pretrial schedules and was not given the opportunity to conduct discovery. The District Court granted DSWA's motion, holding that nothing in the record indicated Shahin—a "frequent filer"—was prevented from conducting discovery; Shahin had not established a prima facie case of discrimination under the ADEA and Title VII, and even if she had, DSWA articulated a legitimate,

nondiscriminatory reason for not hiring her; and the record did not support her retaliation claim because there was no evidence of an adverse employment action taken in conjunction with or after protected activity. Shahin appealed and the Clerk alerted the parties that the appeal was being considered for possible summary action. Shahin responded and set forth substantially the same arguments as in her opposition to the motion for summary judgment and made allegations of systemic postal errors.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011). We review a district court's factual findings for clear error. Prusky v. Reliastar Life Ins. Co., 532 F.3d 252, 257-58 (3d Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This determination requires that we view the facts in the light most favorable to the nonmovant and draw all inferences in her favor. Stratechuck v. Bd. of Educ., S. Orange-Maplewood Sch. Dist., 587 F.3d 597, 603 (3d Cir. 2009). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

**III.**

Shahin alleged that DSWA discriminated against her on the basis of age, in violation of the ADEA, and her national origin, in violation of Title VII. The ADEA prohibits employers from refusing to hire persons because of their age. 29 U.S.C. § 623(a)(1). Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

The burden-shifting framework set forth in McDonnell Douglas Corp. v. Green dictates how a plaintiff must state a prima facie case for discrimination based on age and national origin. 411 U.S. 792, 802 (1973); See Smith v. City of Allentown, 589 F.3d 684, 689-90 (3d Cir. 2009). The McDonnell Douglas framework places the initial burden of proof and production on the plaintiff to make out a prima facie case, and requires that she show that (1) the plaintiff belonged to a protected class; (2) the defendant took an adverse employment action against the plaintiff; (3) the plaintiff was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the adverse action. City of Allentown, 589 F.3d at 690; Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

4

In this case, Shahin did not state a prima facie claim for discrimination based on age and national origin because she was not qualified for the controller position. The required qualifications for the controller position included "at least ten (10) years of progressively responsible accounting experience of which at least four (4) years as an Assistant Controller or equivalent experience." Shahin's employment history on her application for the position indicated she did not have ten years of employment experience and did not have four years of experience as an assistant controller. Consequently, Shahin was not qualified for the controller position with DSWA and she could not satisfy her burden of establishing a prima facie case of discrimination.

To the extent that Shahin alleged she was not hired as retaliation for filing a charge of discrimination with the EEOC, we agree with the District Court that Shahin did not establish a prima facie case. To advance a prima facie case of retaliation a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. Abramson v. William Paterson Coll. of NJ, 260 F.3d 265, 286 (3d Cir. 2001). As the District Court described, Shahin's charge of discrimination was notarized after DSWA made its

5

hiring decision and there was no evidence that DSWA officials in charge of hiring knew about the discrimination charge before the hiring decision was made. Consequently, Shahin did not establish an adverse employment action taken after or contemporaneous with protected activity, nor did she establish a causal link between the protected activity and the adverse action.

In regards to Shahin's complaint that summary judgment was inappropriate because she was not apprised about the discovery schedule, we agree with the District Court that nothing in the record indicates Shahin was prevented from conducting discovery or that additional discovery should be granted. Typically, a party seeking an order deferring the time to respond to a motion for summary judgment and requesting additional time for discovery must file an affidavit pursuant to Federal Rule of Civil Procedure 56(d). The affidavit should set "forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to, and [assert that] the facts are in possession of the moving party." Mid-South Grizzlies v. National Football League, 720 F.2d 772, 779 (3d Cir. 1983); see also Pa., Dep't of Pub. Welfare v. Sebelius, 647 F.3d 139, 157 n.3 (3d Cir. 2012). The reasons given for the inability to respond to the moving party's motion for summary judgment "must be genuine and convincing to the court rather than merely colorable." Mid-South Grizzlies,

720 F.2d at 779 (quoting <u>Robin Constr. Co. v. United States</u>, 345 F.2d 610, 614 (3d Cir. 1965). Although Shahin did not submit a Rule 56(d) affidavit, she argued in her opposition to summary judgment that she "was never provided with any sufficient information that would assist her in establishing complete *prima facie* claim." This non-specific reason, coupled with Shahin's allegations of misdirected mailings, are unavailing because, as discussed above, the undisputed facts on the record show that Shahin was not qualified for the controller position, and therefore she could never establish a prima facie claim of discrimination.

## IV.

For the reasons we have given, we agree with the District Court's denial of Shahin's request for additional discovery and its order granting DSWA's motion for summary judgment. As this appeal presents no substantial question, we will summarily affirm.