**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-1955

———————

CPA NINA SHAHIN,
                                        Appellant

v.

STATE OF DELAWARE; DEPARTMENT OF TRANSPORTATION

———————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-07-cv-00641)
District Judge:  Honorable Leonard P. Stark

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed:  September 16, 2013)

———————

OPINION

———————

PER CURIAM

       Nina Shahin, a frequent pro se litigant, appeals from the District Court's order granting

the Defendants' motion for summary judgment.  For the reasons set forth below, we will

affirm.

                                        I.

In October 2007, Shahin filed an employment discrimination complaint in the District Court, alleging that the State of Delaware ("the State") and the Department of Transportation ("DOT") (collectively "Defendants") did not hire her for the position of accountant because of her age (56) and national origin (Ukrainian). Specifically, in June 2006, Shahin applied for one of two accounting positions advertised concurrently by the DOT. On September 21, 2006, and September 22, 2006, the DOT left messages for Shahin to schedule an interview for either September 28, 2006, or September 29, 2006. Shahin received these messages when she returned home from an overseas trip on Saturday, September 30, 2006. When she returned the calls on Monday, October 2, 2006, she was informed that the position had been filled.[1] Shanin brought her claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Shahin also alleged that she was not hired in retaliation for filing previous charges of discrimination with the United States Equal Employment Opportunity Commission.

Following discovery, the Defendants filed a motion for summary judgment or, in the alternative, a motion to dismiss. The District Court granted summary judgment to the Defendants, holding that they were immune from suit under the ADEA, that Shahin had not established a prima facie case of discrimination under Title VII,[2] and that the record did not support her retaliation claim because there was no nexus between Shahin's filing of a charge of

---

[1] Althea Trower, an African American female over forty, and Amy Penney, a thirty-eight year-old Caucasian female, received the positions. They were both interviewed on September 28, 2006.

[2] In the alternative, the District Court concluded that even if Shahin could make out a prima facie case of national origin discrimination, she did not produce evidence from which a reasonable juror could find that the Defendants' reasons for their employment decisions were a pretext for discrimination.

discrimination and the Defendants' hiring decisions. The District Court also rejected Shahin's argument that the summary judgment motion should not be considered because she did not receive a service copy of the January 9, 2012 scheduling order and that unless the Court issued a new scheduling order, granting the Defendants' motion for summary judgment would violate her right to due process and equal protection.[3] This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

## III.

Shahin devotes most of her brief to claims unrelated to her discrimination claims. Because these issues have little relevance to the present appeal, we discuss them briefly.

---

[3] The District Court also denied as moot Shahin's motion for sanctions. To the extent that Shahin challenges this denial, we agree that the District Court did not abuse its discretion. See Luzadder v. Despatch Oven Co., 834 F.2d 355, 360 (3d Cir. 1987). Furthermore, the District Court properly denied as moot her motion for a jury trial, as "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) (quoting In re Peterson, 253 U.S. 300, 310 (1920)) (internal quotation marks omitted).

3

Shahin contends that she has been denied due process and that there is a "systematic pattern of disparate or discriminatory treatment" of her in this case, and other related cases, in that the District Court treated her "medical excuses" differently in her different lawsuits when she sought extensions.[4] The District Court denied Shahin's motion to consolidate several of her cases, including the one at bar. It also denied her motion for reconsideration of the order.[5] Accordingly, each of Shahin's cases is treated separately and what occurred in her other cases is of no relevance here. Moreover, we review the District Court's decisions regarding discovery extensions for abuse of discretion, see, e.g., Matute v. Lloyd Bermuda Lines, Ltd., 931 F.2d 231, 237 (3d Cir. 1991), and Shahin has made no showing that the District Court abused its discretion with respect to any of its rulings in the instant case. Regarding Shahin's

---

[4]Shahin has filed numerous unsuccessful actions asserting discrimination claims against various State agencies. See, e.g, Shahin v. Delaware, No. 13-2119, 2013 WL 3781368 (3d Cir. July 22, 2013) (affirming summary judgment in favor of Delaware Department of State, Division of Corporations); Shahin v. Delaware, No. 13-2120, 2013 WL 3781376 (3d Cir. July 22, 2013) (affirming summary judgment in favor of the State of Delaware's Office of Management and Budget); Shahin v. De Solid Waste Auth., 503 F. App'x 113, 114 (3d Cir. 2012) (affirming summary judgment in favor of the Delaware Solid Waste Authority); Shahin v. Delaware, 424 F. App'x 90, 91 (3d Cir. 2011) (affirming summary judgment in favor of the Delaware Department of Finance); Shahin v. Delaware Dep't of Transp., 405 F. App'x 587, 588 (3d Cir. 2010) (affirming summary judgment in favor of the Delaware Department of Transportation); Shahin v. Delaware Dep't Of Fin., 344 F. App'x 765 (3d Cir. 2009) (affirming summary judgment in favor of the Department of Finance for the State of Delaware); Shahin v. Delaware, 345 F. App'x 815, 816 (3d Cir. 2009) (affirming summary judgment in favor of the State of Delaware and the State of Delaware Department of Transportation as a sanction for failure to comply with discovery obligations); Shahin v. Delaware, 271 F. App'x 257 (3d Cir. 2008) (dismissing civil rights action against the State of Delaware pursuant to § 1915(e)(2)(B). See also Shahin v. Darling, 350 F. App'x 605 (3d Cir. 2009) (affirming the District Court's order dismissing Shahin's action against nine state judges, two law firms, and two court reporters, seeking monetary damages for alleged violations of her federal and constitutional rights in underlying state court proceedings).

[5] We dismissed Shahin's appeal for lack of jurisdiction. See Shahin v. State of Delaware, C.A. No. 10-2046 (order entered on Aug. 4, 2010).

complaint that summary judgment was inappropriate because she was not apprised about the discovery schedule, we agree with the District Court that nothing in the record indicates Shahin was prevented from conducting discovery or that additional discovery should be granted.

Finally, Shahin argues that she was denied "basic constitutional rights of due process through collusion between the judges and professional attorneys from the Office of Delaware Attorney General" because she did not receive evidence that the Court used in granting the Defendants' motion for summary judgment, including documentation that the Defendants called and left her messages on September 21 and 22, 2006. However, Shahin admits that she received the Defendants' responses to her first request for production, which included documentation of the September 21 and 22, 2006 phone messages. Accordingly, this argument lacks merit.[6]

Turning to the allegations of Shahin's complaint, we analyze Shahin's Title VII claims pursuant to the familiar burden-shifting framework established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). <u>See</u> <u>Pamintuan v. Nanticoke Mem'l Hosp.</u>, 192 F.3d 378, 385-86 (3d Cir. 1999). Under this framework, Shahin must first establish "a prima facie case." <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802. This is accomplished by showing that : (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an

---

[6] Shahin states that one of the issues on appeal is that "the process of selection, interview, and appointment (or even election) of candidates for State of Delaware positions is unfair, skewered, belied, twisted or even specifically orchestrated to accommodate specific candidates, process in which candidates' qualifications play no rule, but his or her 'connections' do." She ends her brief with a long-winded discourse about her beliefs regarding the political system and relationships in Delaware. These issues are irrelevant to this case and have no bearing on this appeal.

adverse employment action; and (4) the adverse action was under circumstances giving rise to an inference of discrimination. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. McDonnell Douglas Corp., 411 U.S. at 802. If the employer is able to articulate a legitimate reason for its action, then the presumption of discrimination fails and "the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999).

We agree that Shahin failed to establish a prima facie case of discrimination. Here, Shahin alleged that she was not hired as an accountant because she is Ukrainian and that if the Defendants were interested in the most qualified candidates, they could have accommodated her for an interview. However, she failed to provide sufficient evidence of circumstances raising an inference of discriminatory action. See Sarullo, 352 F.3d at 797. Notably, the record does not include any evidence that the Defendants were aware of her Ukrainian origin. Shahin did note that accountant positions were filled by "two Americans of questionable qualifications." This conclusory allegation, however, does not establish a "causal nexus between [her] membership in a protected class and the decision to not [hire her]." Id. at 798.

Even if Shahin had established a prima facie case, we agree that her discrimination claim would nonetheless fail because the Defendants articulated a legitimate, non-discriminatory reason for their decision not to hire Shahin. See McDonnell Douglas Corp.,

6

411 U.S. at 802. The Defendants offered evidence that Shahin failed to respond to phone calls to schedule an interview and that the individuals chosen for the positions were selected on Friday, September 28, 2006, before Shahin responded to the calls.[7] Shahin claims that she "was passed by in a process of dubious 'business necessity' which was too speedy for a regular standard process of selection, interview, and appointment." However, Shahin failed to point to evidence from which a reasonable fact-finder could conclude that the Defendants' reason was pretextual. See McDonnell Douglas Corp., 411 U.S. at 802. To make a showing of pretext, Shahin needed "evidence, direct or circumstantial, from which a fact-finder could reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the employer's] action." See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)). In an attempt to establish pretext, Shahin has suggested that the Defendants hired individuals with political connections. However, sheer speculation of this sort is insufficient to withstand summary judgment. See Sarullo, 352 F.3d at 800.[8]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[7] There is an email from September 29, 2006 at 4:28pm that lists the top three individuals for the two positions. The number one candidate for one of the positions declined, so the number two candidate (the African American woman over forty) was selected. The number one candidate for the other position (the thirty-eight year-old Caucasian) was selected.

[8] Shahin failed to raise in her brief the dismissal of her age discrimination claim under the ADEA, or her retaliation claim. Accordingly, these issues are waived on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (failure to raise an issue in an opening brief waives the issue on appeal).