NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3970
_____

NINA SHAHIN,
                          Appellant

v.

STATE OF DELAWARE; OFFICE OF
MANAGEMENT AND BUDGET
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 10-cv-00956)
District Judge: Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2014

Before: RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: April 11, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Nina Shahin appeals from an order of the District Court granting

summary judgment to the defendants.  For the reasons that follow, we will affirm.

        In October 2008, the Delaware Office of the State Treasurer advertised an opening

for the position of financial investment program specialist, with a closing date of October

30, 2008.  The successful candidate would be responsible for the daily

administration of the State's Defined Contribution Plans, the "457 Deferred Compensation Plan," and the "403b Plan." Shahin, who has two Master of Science degrees, one in taxation and one in accounting, applied for the position by the deadline. She was included on a "certification list" along with several others who met the minimum qualifications for the position, but the Office of the State Treasurer selected only five individuals to interview; Shahin was not among those selected to be interviewed and she thus was not considered for the position. Leighann Hinkle, Delaware's Director of Defined Contribution Plans and the Human Resources Manager, made the interview decisions. Ultimately, Gary Scheidecker, a 42-year-old white American male, was hired for the position. Scheidecker had a bachelor's degree in public service, had taken accounting classes, and had fifteen years of experience in financial services at the time he was hired. He also held a number of securities licenses - including a series 7 license.

After receiving her notice of right to sue, Shahin filed suit in the United States District Court for the District of Delaware against the State of Delaware and its Office of Management and Budget ("OMB"), alleging employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, et seq. Shahin alleged that the decision not to interview or hire her was the product of discrimination on the basis of her Ukrainian national origin, gender, and age. Her retaliation claim was based on an allegation that she had "spearheaded" her husband Dr. Mazin Shahin's correspondence with OMB about alleged violations of federal law pertaining to his pension plan with the State of Delaware, and her prior history of lawsuits against the State alleging discrimination.

2

Discovery ensued, after which all parties moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. OMB contended that Shahin failed to make out a prima facie case of discrimination based on national origin and gender, that she failed to make out a prima facie case of retaliation, that it is immune from suit under the ADEA, and that Shahin failed to exhaust her administrative remedies with respect to her claim of gender discrimination. In an order entered on September 18, 2013, the District Court awarded summary judgment to OMB. In the main, the District Court determined that Shahin failed to come forward with any evidence of discrimination. Even assuming that she had made out a prima facie case of discrimination, OMB had met its burden by articulating a legitimate, non-discriminatory reason for hiring Scheidecker. The District Court also denied Shahin's motions to hold a non-party fact witness in contempt, pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, and to sanction OMB's counsel. Judgment was entered the following day.

Shahin appeals. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Shahin contends in her Informal Brief that summary judgment for the defendants was not proper, that there has been a falsification of material and important facts, and that she has been the victim of harassment and double standards.[1]

As a threshold matter, the District Court properly determined that the State and OMB as an agency of the State are immune from Shahin's suit under the ADEA. See

---

[1] The latter contention merits no extended discussion. The record shows no support for Shahin's contentions regarding falsification of material and important facts, harassment, or the application of a "double standard" to her claims.

3

Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000) (holding that Congress did not validly abrogate the states' sovereign immunity to damages suits under the ADEA). A suit against the States, their agencies, and their employees acting in an official capacity is also barred, because it is merely another way of pleading an action against the state, see Betts v. New Castle Youth Development Center, 621 F.3d 249, 254 (3d Cir. 2010). The Eleventh Amendment does, however, permit suits for prospective injunctive relief against state officials. Ex parte Young, 209 U.S. 159-160. (1908). Shahin filed suit against the State of Delaware and OMB and did not name any state officials. Accordingly, the defendants are immune from suit.

In addition, we agree with the District Court that Shahin failed to exhaust her administrative remedies with respect to her claim of gender discrimination. After a plaintiff files a charge against an employer with the Equal Employment Opportunity Commission and subsequently receives a right-to-sue letter, her suit is limited to claims that are within the scope of the initial administrative charge. See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Shahin's charge of discrimination discussed national origin, age, and retaliation; it made no mention of gender discrimination. Accordingly, summary judgment for the Defendants on the ADEA and Title VII gender discrimination claims was proper. The District Court also properly declined to impose sanctions on OMB's counsel, Fed. R. Civ. P. 11(b) because Shahin's allegations that opposing counsel misrepresented facts and legal standards are frivolous.

Turning to Shahin's Title VII national origin and retaliation claims, we note that summary judgment is proper where the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

4

Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). If the moving party has carried its burden, the nonmovant must then come forward with evidence showing that there is a triable issue. See id. at 587. A triable, or genuine, issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In a discrimination case, the court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." Hankins v. Temple Univ., 829 F.2d 437, 440 (3d Cir. 1987).

To make out a prima facie case of discrimination, Shahin was required to show that: (1) she is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) the rejection was under circumstances that raise an inference of discrimination, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003). The central focus of the prima facie case is that the employer is treating some people less favorably than others because of their race, color, religion, gender, or national origin. See Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003). Here, nothing in the summary judgment record supports Shahin's claim that OMB, and specifically Hinkle, who made the interview decisions, declined to give her an interview

5

or hire her because of her national origin. To defeat a motion for summary judgment, there must be evidence on which the jury could reasonably find in the plaintiff's favor, Anderson, 477 U.S. at 252. Hinkle testified at her deposition that she had no recollection of her decision not to select Shahin for an interview, and Shahin came forward with no evidence to show that Hinkle's rejection of her application was under circumstances that raise an inference of discrimination. See McDonnell Douglas Corp., 411 U.S. at 802. Whether or not OMB staff generally knew that Shahin is Ukrainian because she has previously filed lawsuits on this basis, Shahin failed to provide any evidence at all tending to support an inference of discriminatory action. Accordingly, summary judgment for the defendants on this claim was proper.

Alternatively, even if Shahin could make out a prima facie case of national origin discrimination, she produced no evidence from which a reasonable jury could find that OMB's reason for its employment decision was a pretext for discrimination. If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant employer to proffer some "legitimate, nondiscriminatory reason" for its actions. See Woodson v. Scott Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997). If the defendant meets this burden, the burden again shifts to the plaintiff to show that the employer's reason is a pretext and that discrimination was the real reason for the employment decision. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 512 (1993). To demonstrate pretext under the summary judgment standard, a plaintiff must either (1) offer evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication," or (2) present evidence sufficient to support an inference that "discrimination was more likely

6

than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). To meet that burden, a plaintiff "cannot simply show that the employer's decision was wrong or mistaken." Id. at 765. Here, nothing in the summary judgment record shows or even suggests that Scheidecker was not qualified for the position. Even if, as Shahin argues, a series 7 license was not a requirement for the job, and even if her two master's degrees are superior to Scheidecker's one bachelor's degree, her contention that Scheidecker did not meet the minimum qualifications for the position is based solely on her personal opinion. Personal opinion alone will not suffice to defeat a motion for summary judgment. Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . show that the affiant or declarant is competent to testify on the matters stated.").

Shahin also alleged that she was not hired by OMB in retaliation for certain emails she ghost-wrote for her husband. On December 1, 2008, Hinkle, Delaware's Director of Defined Contribution Plans, corresponded with a large number of state employees, including Shahin's husband, about changes to the manner in which Delaware would be administering certain employee benefit programs. As a result of that correspondence, Dr. Shahin and Hinkle exchanged certain follow-up emails. Shahin claimed that she and not her husband authored those emails, that OMB knew that she was the author, and that the emails were the reason she did not get an interview for the position of financial investment program specialist. In addition, Shahin alleged that OMB refused to interview or hire her because she has sued the State of Delaware several times for discrimination. Summary judgment for OMB on these claims was proper. Shahin offered no evidence to show that there was a nexus between her ghost-authorship of her

7

husband's emails and the decision not to schedule her for an interview or hire her.  See LeBoon v. Lancaster Jewish Community Center, Ass'n, 503 F.3d 217, 231 (3d Cir. 2007) ("To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected activity, (2) the employer took a materially adverse action against her, and (3) there was a causal connection between the protected activity and the employer's action.").  Similarly, it is not enough for Shahin to show her general notoriety with respect to the filing of discrimination lawsuits, see Shahin v. Delaware, 543 F. App'x 132, 134, 135 n.4 (3d Cir. 2013) (noting that Shahin is a "frequent pro se litigant" and listing her numerous unsuccessful actions raising discrimination claims against various Delaware agencies).  A retaliation claim cannot be made out solely on the basis of a plaintiff's history of engaging in protected activity.  There must be a causal connection between the prior lawsuits and the adverse decision, and the summary judgment record here is devoid of any evidence of a causal connection.

Last, the District Court properly declined to hold Ms. Davis, a former employee of the State of Delaware, in contempt of court.  The responsibility for compelling a non-party fact witness to appear for a deposition rests with the plaintiff, and not the District Court or opposing counsel.  Three subpoenas were returned unexecuted.  Rule 45(e), Fed. R. Civ. P., provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Davis was never served with a subpoena, and, accordingly, it would not have been proper to hold her in contempt for disobeying it.  The District Court was aware of Shahin's allegations that Davis took extraordinary actions to avoid the process server, and took that into consideration in reaching its decision not to hold this non-party witness in contempt.

8

Having taken into consideration all of the facts and circumstances that gave rise to the contempt motion, we find no basis for concluding that the District Court abused its discretion in denying it. See also Stotler & Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989) (holding that a district court's decision on contempt petition is discretionary and not to be reversed unless it is an abuse of discretion or clearly erroneous).

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to OMB and the State of Delaware, and denying Shahin's Rule 45 and Rule 11 motions. Shahin's motion to expand the record is granted. The Court notes that OMB did not expressly oppose the request.